**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **AMICA MUTUAL INSURANCE CO.** | : | |
| | : | |
| **v.** | : | CA No. 06-411 ML |
| | : | |
| **MOSTCHOICE.COM, INC.** | : | |

**ANSWER OF MOSTCHOICE.COM, INC.**

Defendant, Mostchoice.com, Inc. ("Mostchoice") hereby answers and responds to the Complaint in this matter as follows:

**First Defense**

1. Admitted.

2. Admitted.

3. Paragraph 3 appears not to require a response, but rather summarizes the theories of recovery alleged by the plaintiff.

4. Defendant admits the Court has subject matter jurisdiction over the claims alleged in the plaintiff's complaint.

5. Denied.

6. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the same.

7. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the same.

8. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the same.

9. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the same.

10. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the same.

11. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the same.

12. Denied as stated insofar as plaintiff's registered marks contain a description of the goods and services for which they are registered in International Class 36 related to underwriting insurance, and are not registered in International Class 35 for advertising.

13. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the same.

14. Defendant denies that AMICA is widely recognized by consumers of insurance. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

15. Defendant admits the identified marks are so registered, but is without information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

16. Denied.

17. Defendant denies that the AMICA marks are widely known among consumers but is without information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the same.

18. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in this paragraph concerning Amica's sales, and therefore denies the same. All other averments of this paragraph are denied.

19. Defendant is without information sufficient to form a belief as to the allegations set forth in this paragraph, and therefore denies the same.

20. Admitted to the extent that this paragraph alleges such a letter was sent, but is denied as to any allegation regarding the substance of the letter, which speaks for itself.

21. Admitted insofar that, in an attempt to avoid litigation, effort was made to comply with Amica's demand. All other allegations contained in this paragraph are denied.

22. Defendant is without information sufficient to form a belief as to the truth of the allegations concerning plaintiff's activities or knowledge. Defendant admits that Exhibit B to the plaintiff's complaint was one of approximately 142,000 website pages the defendant controlled at the time, but denies that Exhibit B contains any infringing use of the plaintiff's mark. All remaining averments contained in this paragraph are denied.

23. Admitted that the web page includes the phrase "get free quotes now" and contains references to the defendant's corporate name, but denied as to all other allegations stated or implied in this paragraph.

24. Admitted.

25. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in this paragraph as the term "immediately" is relative and undefined, and defendant therefore denies the same. Defendant further answers that it does not sell insurance, but generates leads and sells those leads to insurance brokers and agents.

26. Defendant is without information sufficient to form a belief as to the allegations set forth in this paragraph, and therefore denies the same.

27. Admitted that plaintiff sent correspondence to Mostchoice, which letter speaks for itself, denies that any authorization is required for defendant's use of the word Amica in

the manner defendant used it, and denied as to all remaining allegations contained in this paragraph.

28. Denied.

29. Denied.

30. Denied.

**COUNT I**

**Federal Trademark Infringement**

31. Mostchoice incorporates its responses to paragraphs 1-30 above as if set forth herein.

32. Mostchoice admits that certain of its web pages referenced plaintiff, denies that any use by Mostchoice is likely to cause confusion, mistake, or deception, admits that it has not obtained any "consent," denies that any such consent is required, and denies all remaining allegations contained in this paragraph.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

**COUNT II**

**Federal Unfair Competition and False Designation of Origin**

37. Mostchoice incorporates its responses to paragraphs 1-36 above as if set forth herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

**COUNT III**

**Common Law Unfair Competition**

43. Mostchoice incorporates its responses to paragraphs 1-42 above as if set forth herein.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

**Second Defense**

Plaintiff has failed to state a claim upon which relief can be granted.

**Third Defense**

Defendant denies that any use of the plaintiff's mark constitutes actionable "use."

**Fourth Defense**

Defendant denies that plaintiff can show a likelihood of confusion.

**Fifth Defense**

Defendant asserts that any use of the mark is "fair use" and the plaintiff cannot recover based on such use.

**Sixth Defense**

Plaintiff is not entitled to equitable relief as it cannot produce evidence of substantial injury.

**Seventh Defense**

Plaintiff is not entitled to equitable relief as it cannot demonstrate irreparable harm.

**Eighth Defense**

Defendant asserts that it is not subject to personal jurisdiction in this Court.

WHEREFORE, Defendant prays that the plaintiff's complaint be dismissed with all costs taxed to the plaintiff, and for such other and further relief deemed necessary and just by this Court.

MOSTCHOICE.COM, INC.
By Its Counsel,

/s/ Thomas R. Noel

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400 (Tel.)
(401) 621-5688 (Fax)
TNoel@LawNoel.com

Of Counsel:

Ryan L. Isenberg, Esq.
(Georgia Bar No. 384899)
Isenberg & Hewitt, P.C.
7000 Peachtree Dunwoody Road
Building 15, Suite 100
Atlanta, Georgia 30328
770-351-4400 (Voice)
770-828-0100 (Fax)

**CERTIFICATE OF SERVICE**

I do hereby certify that on March 9, 2007, a copy of this document was sent by electronic means to Craig M. Scott, Esq., Duffy Sweeney & Scott, LTD, One Turks Head Place, Suite 1200, Providence, RI 02903.

/s/ Thomas R. Noel