UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMICA MUTUAL INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No: 06-411ML |
| MOSTCHOICE.COM, INC. | : | |
| Defendant. | : | |

**PLAINTIFF'S RULE 16 PRETRIAL CONFERENCE STATEMENT**

Pursuant to this Court's March 15, 2007 Notice of Pretrial Conference and LR 16(c), Plaintiff, Amica Mutual Insurance Company ("Amica"), submits this Pretrial Conference Statement. The Pretrial Conference is scheduled for April 11, 2007.

**A. FACTS**

Amica sells insurance products, including auto, home and life insurance policies. Through it website, www.amica.com, potential customers may obtain quotes from Amica for auto, home, condo, renters, and term life insurance. In late 2005, Amica learned that Mostchoice.com, Inc. ("Mostchoice") was engaging in the unauthorized use of Amica's federally registered AMICA® trademark through advertisements on the Google search engine that purport to provide quotes for Amica's insurance products. On November 17, 2005, Amica wrote to Mostchoice demanding that it cease and desist its unauthorized use of the AMICA® trademark. Mostchoice appeared to comply insofar as it apparently ceased using the AMICA® mark in advertisements on the Google search engine.

In April of 2006, however, Amica learned that Mostchoice continued to engage in the unauthorized use of the AMICA® mark by referencing "Amica Mutual Insurance

Co." in connection with offering insurance quotes on its website, www.mostchoice.com. Mostchoice's website provides a link labeled "GET FREE QUOTES NOW" with "Amica Mutual Insurance Co." references above and below it. Quotes provided as a result of the submission of personal information by an individual through this link is not provided, sponsored, or approved by Amica. Moreover, a potential insurance customer entering personal information will not receive an insurance quote for Amica's products, as Mostchoice is not an authorized broker of Amica products. On April 13, 2006, Amica wrote to Mostchoice demanding that Mostchoice cease and desist its unauthorized use of the AMICA® mark. Mostchoice did not respond to and address Amica's demands and continues its unauthorized use of the AMICA® mark. This action ensued.

**B. <u>AMICA'S CLAIMS</u>**

**1. <u>Federal Trademark Infringement</u>**

To prove federal trademark infringement in violation of 15 U.S.C. § 1114, Amica must show: (1) the use in commerce by Mostchoice; (2) without Amica's consent; (3) of any reproduction, counterfeit, copy, or colorable imitation of Amica's registered mark; (4) in connection with the sale, distribution or advertising of any goods or services; (5) which is likely to cause confusion, or to cause mistake, or to deceive. *See* 15 U.S.C. § 1114(a); *see also Beacon Mut. Ins. Co. v. OneBeacon Ins. Group*, 376 F.3d 8, 14 (1st Cir. 2004). Treble damages and attorney's fees are available for intentional, willful and bad-faith violations. 15 U.S.C. § 1117.

**2. <u>Federal Unfair Competition and False Designation of Origin</u>**

To prove unfair competition and false designation of origin in violation of 15 U.S.C.§1125(a), Amica must show: (1) use in commerce by Mostchoice; (2) of any word,

term, name, symbol, or device or combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact; (3) which: (a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Mostchoice with Amica, or as to the origin, sponsorship, or approval of Mostchoice's products or other commercial activities by Amica, or (b) in commercial advertisements or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Mostchoice's or Amica's goods, services, or commercial activities. *See* 15 U.S.C. § 1125(a); *see also Int'l Ass'n of Machinists and Aerospace Workers v. Winship Green Nursing Center*, 103 F.3d 196, 200 (1st Cir. 1996).

**3. Common Law Unfair Competition**

To prove common law unfair competition, Amica must show: (1) the use of a device or means by Mostchoice; (2) that is likely to confuse and mislead the public generally; (3) to purchase the product or patronize the shop of Mostchoice when the actual intention was to purchase the product or patronize the shop of Amica. *See Fund for Community Progress v. United Way*, 695 A.2d 517, 521-22 (R.I. 1997).

Respectfully submitted,

AMICA MUTUAL INSURANCE COMPANY
By its attorneys,

/s/ Craig M. Scott
Craig M. Scott, Esq. (#4237)
Duffy Sweeney & Scott, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701-Fax

Dated: April 4, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within *Pretrial Conference Statement* was filed through the ECF system on the 4th day of April, 2007, and will be sent electronically to the counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

***Via Electronic Filing***
Thomas R. Noel, Esq. (#4239)
NOEL & GYORGY, LLP
50 South Main Street
Providence, RI 02903
(401) 621-7744 - Phone
(401) 621-5688 - Fax

/s/ Craig M. Scott

*H:\Clients\Amica\Mostchoice\Pleadings\Rule 16 Statement 04-03-07.doc*